24-CV-03117 (MKV)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

R.F., by his parents H.F. and C.F.,

                                      Plaintiffs,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                      Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT**

*MURIEL GOODE-TRUFANT*
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Bryn Ritchie*
*Tel: (212) 356-0885*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF MATERIAL FACTS ...................................................................................... 2

STATUTORY SCHEME AND STANDARD OF REVIEW ....................................................... 2

      A.   Purposes and Procedures of the IDEA ............................................................... 2

      B.   The *Burlington/Carter* Reimbursement Test
          under the FAPE Framework ............................................................................... 3

LEGAL STANDARD .................................................................................................................... 3

STANDARD OF REVIEW ............................................................................................................ 5

ARGUMENT .................................................................................................................................. 6

      POINT II ........................................................................................................................... 6

            IHO BABBITT AND SRO KROLAK
            CORRECTLY DENIED AN AWARD OF
            SUPPLEMENTAL SERVICES IN ORDER TO
            RECEIVE A MEANINGUL EDUCATIONAL
            BENEFIT FROM TITUS ........................................................................... 6

      POINT III .......................................................................................................................... 9

            PLAINTIFFS' REQUEST FOR AN AWARD OF
            A NEUROPSYCHOLOGICAL UPDATE
            SHOULD BE DENIED BECAUSE PLAINTIFFS
            FAILED TO EXHAUST THEIR
            ADMINISTRATIVE REMEDIES .............................................................. 9

      POINT IV ........................................................................................................................ 10

            THE SRO CORRECTLY ABSTAINED FROM
            DISTURBING THE IHO'S DECISION
            PERTAINING TO THE REMAINING PRONG OF
            THE BURLINGTON/CARTER ANALYSIS .......................................... 10

## TABLE OF AUTHORITIES

**Cases**  **Pages**

*A.C. v. Bd. of Educ.*,
 553 F.3d 165 (2d Cir. 2009)..................................................................................................12

*B.M. v. New York City Dep't of Educ.*,
 569 Fed. App'x 57 (2d Cir. June 18, 2014).............................................................................19

*B.P. v. N.Y.C. Dep't of Educ.*,
 634 F. App'x 845 (2d Cir. 2015) ............................................................................................18

*Bd. of Educ. v. Rowley*,
 458 U.S. 176 (1982)......................................................................................................8, 11, 14

*C.L. v. Scarsdale Union Free Sch. Dist.*,
 744 F.3d 826 (2d Cir. 2014)....................................................................................................17

*Cerra v. Pawling Cent. Sch. Dist.*,
 427 F.3d 186 (2d Cir. 2005).............................................................................................11, 14

*D.B. v. New York City Dep't of Educ.*,
 966 F. Supp. 2d 315 (S.D.N.Y. 2013).....................................................................................19

*E.F. v. N.Y.C. Dep't of Educ.*,
 2013 U.S. Dist. LEXIS 117143 (E.D.N.Y. Aug. 19, 2013).....................................................18

*Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*,
 137 S. Ct. 988 (2017)..............................................................................................................14

*Florence Cnty. Sch. Dist. Four v. Carter*,
 510 U.S. 7 (1993)................................................................................................................. 8-9

*Forest Grove Sch. Dist. v. T.A.*,
 557 U.S. 230 (2009)..................................................................................................................7

*G.S. v Pleasantville Union Free Sch. Dist.*,
 2020 U.S. Dist. LEXIS 142589 (SDNY Aug. 10, 2020) ........................................................19

*Gagliardo v. Arlington Cent. Sch. Dist.*,
 489 F.3d 105 (2d Cir. 2007).................................................................................................8, 9

*Grim v. Rhinebeck Cent. Sch. Dist.*,
 346 F.3d 377 (2d Cir. 2003)....................................................................................................12

*M.C. v. Voluntown Bd. of Educ.*,
 226 F.3d 60 (2d Cir. 2000)......................................................................................................16

| **Cases** | **Pages** |
|---|---|

*M.H. v. N.Y.C. Dep't of Educ.*,
   685 F.3d 217 (2d Cir. 2012) ............................................................................. 9, 10, 11, 12, 14

*M.O. v. N.Y.C. Dep't of Educ.*,
   996 F. Supp. 2d 269 (S.D.N.Y. Mar. 27, 2014) ......................................................................18

*M.W. v. N.Y.C. Dep't of Educ.*,
   725 F.3d 131 (2d Cir. 2013) ......................................................................................................9

*Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*,
   397 F.3d 77 (2d Cir. 2005) ......................................................................................................10

*Mrs. B v. Milford Bd. of Educ.*,
   103 F.3d 1114 (2d Cir. 1997) ..................................................................................................10

*N.K. v. New York City Dep't of Educ.*,
   961 F. Supp. 2d 577 (S.D.N.Y. 2013) .....................................................................................19

*NB & CB v. New York City Dep't of Educ.*,
   2016 U.S. Dist. LEXIS 139278 (S.D.N.Y. Sept. 29, 2016) .....................................................19

*R.E. v. N.Y.C. Dep't of Educ.*,
   694 F.3d 167 (2d Cir. 2012) ...........................................................................................8, 11, 12

*C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*,
   746 F.3d 68 (2d Cir. 2014) ..........................................................................................10, 11, 18

*Sch. Comm. of Burlington v. Dep't of Educ.*,
   471 U.S. 359 (1985) ..................................................................................................................9

*T.C. v. N.Y.C. Dep't of Educ.*,
   15-CV-3477 (VEC), 2016 U.S. Dist. LEXIS 42545
   (S.D.N.Y. Mar. 30, 2016) ..................................................................................................10, 11

*T.M. v. Cornwall Cent. Sch. Dist.*,
   752 F.3d 145 (2d Cir. 2014) ................................................................................................9, 11

*W.A. v. Hendrick Hudson Cent. Sch. Dist.*,
   927 F.3d 126 (2d Cir. 2019) ....................................................................................................10

*W.S. v. Rye City Sch. Dist.*,
   454 F. Supp. 2d 134 (S.D.N.Y. 2006) .....................................................................................12

*Wolve v. Taconic Hills Central Sch. Dist.*,
   167 F. Supp. 2d 530 (N.D.N.Y. 2011) ....................................................................................17

| **Cases** | **Pages** |

*Z.C. v. N.Y.C. Dep't of Educ.*,
   222 F.Supp.3d 326 (S.D.N.Y. 2011)..................................................................................9

**Statutes**

34 C.F.R. § 300.513 (a)(2) ...............................................................................................................12

8 NYCRR § 200.1 (ww)(3)(i)(d) .......................................................................................................6

8 NYCRR § 200.4 (d)(2) .................................................................................................................14

8 NYCRR § 200.5 (j)(4)(ii) ..............................................................................................................12

8 NYCRR § 200.6 (h)(4)(iii) .......................................................................................................6, 16

8 NYCRR § 2200.6 (h)(4)(ii)(a) ........................................................................................................6

20 U.S.C. § 1400 (d)(1)(A) ...............................................................................................................7

20 U.S.C. §§ 1400 *et seq.*..................................................................................................................1

20 U.S.C. § 1401 ...............................................................................................................................8

20 U.S.C. § 1412 (a)(10)(C) .............................................................................................................8

20 U.S.C. § 1412 (a)(10)(C)(i) .........................................................................................................9

20 U.S.C. § 1414 (d)(1)(A) .............................................................................................................14

20 U.S.C. § 1415 (i)(1)(B) ................................................................................................................8

20 U.S.C. § 1415 (i)(2)(A) ................................................................................................................8

20 U.S.C. § 1415 (i)(2)(C)(i)-(iii) (2018) .........................................................................................9

20 U.S.C. § 1415 (b)(6)(A) ...............................................................................................................8

20 U.S.C. § 1415 (f)(1)(A) ................................................................................................................8

20 U.S.C. § 1415 (f)(3)(E)(ii) .........................................................................................................12

20 U.S.C. § 1415 (g)(1) ....................................................................................................................8

Fed. R. Civ. P. 56 ..............................................................................................................................1

N.Y. Educ. Law § 4402 (1)(b)(1) .....................................................................................................8

**Statutes**                                         **Pages**

N.Y. Educ. Law § 4402 (2) ................................................................................................................9

N.Y. Educ. Law § 4404 (1)(a) ...........................................................................................................8

N.Y. Educ. Law § 4404 (2) ................................................................................................................8

N.Y. Educ. Law § 4404 (3)(a) ...........................................................................................................8

**Statutes**                                                                                                         **Pages**

N.Y. Educ. Law § 4402 (2) ................................................................................................................9

N.Y. Educ. Law § 4404 (1)(a) ...........................................................................................................8

N.Y. Educ. Law § 4404 (2) ................................................................................................................8

N.Y. Educ. Law § 4404 (3)(a) ...........................................................................................................8

## PRELIMINARY STATEMENT

Plaintiff R.F. (the "Student"), by his parents H.F. and C.F. brings this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*., to appeal the March 25, 2024 decision of a State Review Officer ("SRO"). In the underlying administrative proceedings, the Parent sought direct funding of the Student's private school tuition, related services and transportation after unilaterally placing the Student in the Titus School for the 2023–2024 school year, alleging that Defendants denied the Student a free appropriate public education ("FAPE") and that placement at Titus was appropriate. On the administrative appeal, the SRO upheld the IHO's Order finding it a thoughtful and well-reasoned analysis of the record. Accordingly, the SRO found that the Parent was not entitled to the requested relief, but found that DOE had denied the Student a FAPE, and that Titus was an appropriate unilateral placement.

Defendants, the New York City Department of Education ("DOE") and its Chancellor, David C. Banks, now cross-move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and in opposition to Plaintiffs' motion for summary judgment, and urge the Court to affirm the decision of the SRO. The SRO decision was well-reasoned, thorough, and appropriately concluded that the Student's educational placement and program at the nonpublic school was appropriate for the 2023-2024 extended school year. Plaintiffs' argument that the administrative hearing officers erred by not granting supplemental after-school services do not warrant departure from the well-settled principle that SRO decisions deserve deference from the Courts. Instead, the preponderance of the evidence, as robustly examined and weighed by the SRO, demonstrates that the SRO's decision was correct. DOE offered a FAPE to the Student. Further, the equities do not support the Parent's claim. Thus, the Court should deny Plaintiffs' motion and enter judgment for the DOE.

## STATEMENT OF MATERIAL FACTS

Defendants respectfully refer the Court to Defendant's Local Civil Rule 56.1 Counterstatement of Material Facts for the purposes its determination of the instant cross-motion for summary judgment.

## STATUTORY SCHEME AND STANDARD OF REVIEW

**A.     Purposes and Procedures of the IDEA**

Congress enacted the IDEA to promote the education of students with disabilities. *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 238–39 (2009). The IDEA provides that a child with a disability must receive a FAPE, which includes special education and related services provided at public expense. 20 U.S.C. § 1400 (d)(1)(A). These services must meet the standards of the State educational agency and be provided in conformity with an IEP for each such student. 20 U.S.C. § 1401; *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982). In New York, the State has assigned responsibility for developing IEPs to local CSEs, comprised of members appointed by the local school district's board of education. *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012) (citing N.Y. Educ. Law § 4402 (1)(b)(1)). The CSE must examine the student's level of achievement and specific needs and determine an appropriate educational program. *R.E.*, 694 F.3d at 175 (citing *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 107-08 (2d Cir. 2007)).

The IDEA sets forth procedures for a parent to present a complaint regarding the educational placement of a student, including a complaint regarding the student's IEP. *See* 20 U.S.C. § 1415 (b)(6)(A). Parents must file a due process complaint outlining their grounds for challenging the IEP before they are entitled to a hearing before an IHO. *See* 20 U.S.C. § 1415 (f)(1)(A); N.Y. Educ. Law § 4404 (1)(a). In New York State, the IHO's decision may be appealed

by either party to the State Education Department's Office of State Review, where the SRO will independently review the findings and decision rendered by the IHO. 20 U.S.C. § 1415 (g)(1); N.Y. Educ. Law § 4404 (2). The SRO is empowered to modify "any determination of the impartial hearing officer" relating to the selection of an appropriate special education program or service. N.Y. Educ. Law § 4404 (2). Although the SRO's decision is considered final, a party aggrieved by that decision may bring an action for relief in state or federal district court. 20 U.S.C. §§ 1415 (i)(1)(B), (2)(A); N.Y. Educ. Law § 4404 (3)(a).

### B.     The *Burlington/Carter* Reimbursement Test under the FAPE Framework

Parents who are dissatisfied with a school district's recommendations for their child for a given school year may unilaterally place their child in a private school and then seek retroactive tuition reimbursement from the local school district. 20 U.S.C. § 1412 (a)(10)(C). Parents who choose this path, however, "do so at their own financial risk." *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 15 (1993) (quoting *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 373-74 (1985)); *see generally* 20 U.S.C. § 1412 (a)(10)(C)(i). A school district is required to pay for the program selected by a parent only if: (1) the educational program recommended by the school district was inadequate or inappropriate, (2) the program selected by the parent was appropriate, such that the private program meets the student's special education needs, and (3) the equities support the parent's claim. These three factors, or "prongs," comprise the *Burlington/Carter* test. *T.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152 (2d Cir. 2014) (citing *M.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 135 (2d Cir. 2013); *Carter*, 510 U.S. 7, 15-16).

## LEGAL STANDARD

Typically, courts evaluating claims under the IDEA "must engage in an independent review of the administrative record and make a determination based on a preponderance of the evidence." *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007); see also 20 U.S.C. §

1415 (i)(2)(C)(i)-(iii) (2018).  In New York, this record typically comes from an SRO, the final state administrative arbiter of questions relating to the IDEA, who reviews the decisions and orders of an IHO. N.Y. Educ. Law § 4402 (2).  A court's independent review must give deference to the factual findings in the underlying state administrative proceedings, where questions of educational methodology and policy are considered with greater expertise.  *Z.C. v. N.Y.C. Dep't of Educ.*, 222 F.Supp.3d 326, 332-33 (S.D.N.Y. 2011); *see also M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 244 (2d Cir. 2012).  A reviewing court must also take care not to "'credit the conclusions that [are] most consistent with its own subjective analysis,' [and] should only reject the SRO's conclusions if it finds that they are not supported by a preponderance of the evidence." *W.A. v. Hendrick Hudson Cent. Sch. Dist.*, 927 F.3d 126, 149 (2d Cir. 2019) (quoting *M.H.*, 685 F.3d at 248).

Furthermore, "[w]here the IHO and SRO disagree, reviewing courts are not entitled to adopt the conclusions of either state reviewer according to their own policy preferences or views of the evidence; courts must defer to the reasoned conclusions of the SRO as the final state administrative determination." *M.H.*, 685 F.3d at 246. If the SRO does not reach an issue decided by the IHO, then the Court should defer to the IHO.  *Id.* at 252.

Importantly though, the degree of deference afforded to the SRO's opinion depends upon "the quality of the opinion and the court's institutional competence." *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014) (citing *M.H.*, 685 F.3d at 244); *see also T.C. v. N.Y.C. Dep't of Educ.*, 15-CV-3477 (VEC), 2016 U.S. Dist. LEXIS 42545, at *15-16 (S.D.N.Y. Mar. 30, 2016).  A reviewing court's "institutional competence" is greatest when the questions in dispute concern "'issues of law,' such as the 'proper interpretation of the federal statute and its requirements,'" *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 82 (2d Cir. 2005) (quoting *Mrs. B v. Milford Bd. of Educ.*, 103 F.3d 1114, 1122 (2d Cir. 1997).

That is not the case here. In this action, the dispositive issue concerns what is required to provide the Student a FAPE, which is clearly an issue of education methodology and policy. Here, the expertise of the State Review Officer, who carefully evaluated the IEP and summarized its extensive analysis of the Student's disabilities and needs, and the very extensive provision of educational and related services, and adaptive devices contained in the IEP in support of his finding that the IEP offered a FAPE, is entitled to deference. In addition, the expertise of the New York State Department of Education, as reflected in that Department's regulations and guidance, which are also cited and relied on by the SRO, concerning what staff/student configurations provide an appropriate placement for students with certain disabilities and needs, and what constitutes direct instruction and management needs, are also clearly matters of education policy and entitled to deference. Where "'persistent and difficult questions of education policy'" are in dispute, *C.F.*, 746 F.3d at 77 (quoting *Rowley*, 458 U.S. at 208), the determination of the SRO deserves greater deference than a determination regarding an issue of law. *See T.C.*, 2016 U.S. Dist. LEXIS 42545, at *16; *see also R.E.*, 694 F.3d at 189.

## **STANDARD OF REVIEW**

"[A] motion for summary judgment in an IDEA case often triggers more than an inquiry into possible disputed issues of fact." *Lillbask ex rel. Mauclaire v. Conn Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d. Cir. 2005). Unlike with an ordinary summary judgment motion, the existence of a disputed issue of material fact will not necessarily defeat a motion for summary judgment in the IDEA context. *See, e.g., T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252 (2d Cir. 2009) (per curium); *Viola v. Arlington Cent. Sch. Dist.*, 414 F. Supp. 2d 366, 377 (S.D.N.Y. 2006).

A district court "must engage in an independent review of the administrative record and make a determination based on a preponderance of the evidence." *M.H. v. N.Y.C. Dep't of*

5

*Educ*, 685 F.3d 217, 240 (2d. Cir. 2012) (quoting *Gagliardo*, 489 F.3d at 112). "'The role of the federal courts in reviewing state educational decisions under the IDEA is circumscribed,' however, and 'courts must bear in mind the statutory context and administrative judges' greater institutional competence in matters of educational policy.'" *Hardison v. Bd of Educ. Of the Oneonta City Sch. Dist.*, 773 F.3d 372, 385 (quoting *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 184 (2d Cir. 2012)). Federal courts "must give due weight to these proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *Id*. (quoting *M.H.*, 685 F.3d at 240). Accordingly, "courts generally 'defer to the final decision of the state authorities. . .'" *M.H.*, 685 F.3d at 241 (quoting *A.C. ex rel. M.C. v. Bd. of Educ. of the Chappaqua Cent. Sch. Dist.*, 553 F.3d 165, 171 (2d Cir. 2009)). "Deference is particularly appropriate when [] the state hearing officers' review has been thorough and careful." *Id*. (quoting *Walczak*, 142 F.3d at 129); *see also Ward v. Bd. Of Educ. of the Enlarged City Sch. Dist. Of Middletown*, 568 Fed. Appx. 18, 22 (2d Cir. 2014) (considering the SRO's finding to be "well-reasoned, logical, and supported by the record," and allotting it appropriate deference). Finally, it is a plaintiff's burden to demonstrate that the SRO decision was based in error. *Id*. at 225 n.3.

## ARGUMENT

### POINT II

**IHO BABBITT AND SRO KROLAK CORRECTLY DENIED AN AWARD OF AFTER-SCHOOL SERVICES AS UNNECESSARY UNDER THE IDEA TO RECEIVE AN EDUCATIONAL BENEFIT FROM THE PRIVATE PLACEMENT**

As SRO correctly determined after thorough review of the record, the Student's IEP was reasonably calculated to enable them to receive educational benefits without an award of

after-school related and ABA services. In other words, a school district fulfills its substantive obligations under the IDEA "if it provides an IEP that is 'likely to produce progress, not regression,' and if the IEP affords the student an opportunity greater than mere 'trivial advancement.'" *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 195 (2d Cir. 2005) (quoting *Walczak*, 142 F.3d at 130).

An IEP is "likely to produce progress, not regression" when it sets forth the following: (1) the student's present levels of academic achievement and functional performance, (2) measurable annual goals, (3) how the student's progress towards those goals will be measured, (4) the special education program and related services that will be provided, (5) the reasons for and extent to which the student will be educated with non-disabled peers in a regular education environment, and (6) when the recommended services begin, their frequency, and their duration. *See* 20 U.S.C. § 1414 (d)(1)(A); 8 NYCRR § 200.4 (d)(2); *M.H.*, 685 F.3d at 245.

Plaintiffs contend that the Student's IEP was substantively inadequate because DOE failed to recommend after-school related services in the IEP and that equitable considerations warrant the Parent's request for relief. In his analysis, however, the SRO correctly determined, after a thorough review of the record, that an award of after-school services was needed in order to provide an educational benefit at the Titus School forming a basis for the IHO's findings. SRO Decision at pg. 8

The SRO provided a thorough analysis and review of the record, which supported a finding that the Student's placement was reasonably calculated to provide an educational benefit without an award of after-school services, which were supplemental to the Student's existing program. Even though the IHO had discounted several exhibits from consideration as discussed in Defendant's 56.1 Responses, the SRO reviewed them and makes reference to the following documents that supported his decision including the Student's May 2023 ABA Report (Exhibit

7

O), 2021 neuropsychological report (Exhibit D), testimony of the Titus School founder and CEO, affidavit testimony and available reports of the after-school OT provider (Exhibit S), the after-school ABA provider (Exhibit M), and the speech-language therapist (Exhibit Q), June 2023 Titus Progress Report. SRO Decision at pg. 9.

While SRO Krolak noted that the IHO Babbitt's lines of questioning appeared "brusque" in areas of the transcript, SRO Krolak undertook an analysis of the IHO's conduct and found that she had not prevented Plaintiffs from forming a meaningful record. SRO Decision pg. 6-8. SRO Krolak also found that the information sought and lines of questioning pursued were relevant to her analysis (Id. at 7) SRO Krolak also found that IHO Babbitt asked only clarifying questions to complete the hearing record. Id. Further, SRO Krolak found that the evidence in the hearing record did not support Parent's claim pertaining to the conduct of the IHO. SRO Decision at 8.

SRO Krolak also disposed of Parent's argument that the IHO erred in finding "that the sole purpose of the recommendations for home-based or after-school services was for maximization or to encourage generalization." SRO Decision at 11. SRO Krolak determined, thorough analysis of the hearing record and supporting documents, exhibits, and affidavit testimony, that the IHO's findings were supported when she denied an award of after-school or home-based related services were not necessary in order for the student to make meaningful educational progress at the Titus School. SRO Decision at 13.

The SRO thus determined, based on a thorough review of the record and well-reasoned analysis of the law, that the Student's educational program was reasonably calculated such that "after-school services, although beneficial to the Student and understandably desired by the parents to be continued, were not necessary for the student to receive educational benefits from

8

the Titus School." SRO Decision at 14. This Court should afford the SRO's 16-page single-space decision the requisite deference.

### POINT III

### PLAINTIFFS' REQUEST FOR AN AWARD OF A NEUROPSYCHOLOGICAL UPDATE SHOULD BE DENIED BECAUSE PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES

Here, Plaintiffs were required to exhaust their administrative remedies because the gravamen of the Complaint is a denial of FAPE. First, "by their text, these claims seek redress for denial of FAPE." *Martinez v. New York City Dep't of Educ.*, No. 17-CV-3152 (NGG)(CLP), 2018 U.S. Dist. LEXIS 144549, at *13 (E.D.N.Y. Aug. 24, 2018). The Complaint alleges, for instance, that the Student has not received, and that DOE has not funded the evaluation which Parent first requested by Amended Due Process Notice. The SRO noted that the Second Circuit Court of Appeals has recently found that, if a district and a parent agree that a student should be evaluated before the required triennial evaluation "the parent must disagree with any given evaluation before the child's next regularly scheduled evaluation occurs" or "otherwise, the parent's disagreement will be rendered irrelevant by the subsequent evaluation. (citations omitted)" SRO Decision at 14. Here, the Student's last required triennial neuropsychological evaluation appears to have occurred in 2021 (Exhibit D). SRO Krolak found no reason to depart from the current trend in this area of "continued study of the judicial and administrative guidance on the topic" that has changed from the "previous approach of allowing the parent to initial disagree with a district evaluation and request an IEE in a due process complaint notice without attempting to raise such disagreement with the district first. (citations omitted) (SRO Decision at page 15)

9

Accordingly, this claim expressly turns on an allegation that the Student was denied a FAPE. Second, the claims in the Complaint could not have been brought on behalf of a non-student, as each of Plaintiffs' allegations relates to an alleged denial of the evaluation that DOE was allegedly required to provide to the Student. Finally, Plaintiffs previously invoked the impartial hearing process in connection with events that they suggest are related to the current allegations. The Complaint does not explain why Plaintiffs, having previously availed themselves of the IDEA's formal procedures, chose to avoid that appropriate forum when raising the present grievances. Here, the SRO found that although the district conceded denial of FAPE for 2023-2024, "parents' original due process complaint notice did not request funding for an updated neuropsychological evaluation; then in an amended due process complaint notice, the parents first requested this relief." SRO Decision at 14. In failing to pursue their present claims administratively, Plaintiffs have deprived the Court of subject matter jurisdiction over this action.

## POINT IV

### THE SRO CORRECTLY ABSTAINED FROM DETERMINING DISTURBING THE IHO'S DECISION PERTAINING TO THE REMAINING PRONGS OF THE BURLINGTON/CARTER ANALYSIS

The SRO correctly abstained from determining the remaining prongs of the *Burlington/Carter* test. The remaining two prongs of the test concern the appropriateness of a parental placement and whether the equities support the parents' claim for relief. The SRO need not make a determination on the remaining two prongs if the threshold question—namely, whether the school district's recommendation was appropriate—is answered in the affirmative. *See, e.g., M.C. v. Voluntown Bd. of Educ.*, 226 F.3d 60, 66 (2d Cir. 2000); *Walczak*, 142 F.3d at 134.

Here, the IHO found that the DOE had not met its burden of proving that it had offered the Student a FAPE and that the Parent had met its burden in showing that Titus School offered an

appropriate unilateral placement for the 2023-2024 extended school year. Accordingly, the Court need not consider whether equitable considerations precluded relief. If the Court reverses the SRO with respect to its decision on the third prong of the *Burlington/Carter* test, however, then the DOE respectfully submits that the Court should remand this matter to the SRO for consideration of the IHO's findings with respect to the remaining two prongs. In the interest of completeness, however, the DOE contends that the equities do not favor the Plaintiff with respect to maximization and generalization of the Student's skills.

In considering the equities, hearing officers should consider "the parties' compliance or noncompliance with state and federal regulations pending review, the reasonableness of the parties' positions, and like matters." *Wolve v. Taconic Hills Central Sch. Dist.*, 167 F. Supp. 2d 530, 533 (N.D.N.Y. 2011). "Important to the equitable consideration is whether the parents obstructed or were uncooperative in the school district's efforts to meet its obligations under the IDEA." *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 840 (2d Cir. 2014).

Accordingly, if *arguendo* the Court found that the DOE did not offer the Student a FAPE, the Court should nonetheless find that the equities favor the DOE and weigh against funding of supplemental after-school services and the instant request for neuropsychological update from the Student's required triennial evaluation that last occurred in 2021 and which was only raised by Amended Due Process Notice.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully requests that Plaintiff's Amended Complaint be dismissed in its entirety, that Defendants' motion for summary judgment be granted, that Plaintiff's motion for summary judgment be denied, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

Dated:     New York, New York
            October 22, 2024

                          MURIEL GOODE-TRUFANT
                          Corporation Counsel of the City of New York
                          Attorney for Defendants
                          100 Church Street, Room 2-303a
                          New York, N.Y. 10007
                          Tel: (212) 356-0885
                          britchie@law.nyc.gov

            By:    /s/
                          Bryn M. Ritchie
                          Assistant Corporation Counsel